**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Karen Bacar GRUBER and Theodore Dale, Defendants-Appellants.**

**Nos. 79–1809, 79–1811 (Trial Group E).**

United States Court of Appeals, Tenth Circuit.

June 17, 1982.

Rehearing Denied Aug. 11, 1982.

John S. Evangelisti of LaFond & Evangelisti, Denver, Colo. (Jonathan L. Olom, Denver, Colo., Tim Correll, Denver, Colo., and Cathlin Donnell of Kelly, Haglund, Garnsey, Kahn & Donnell, Denver, Colo., on the brief), for defendants-appellants.

Nancy E. Rice, Asst. U. S. Atty., D. Colo., Denver, Colo. (Joseph F. Dolan, U. S. Atty., Denver, Colo., with her on the brief), for plaintiff-appellee.

Before SETH, Chief Judge, and HOLLOWAY, McWILLIAMS, BARRETT, McKAY, LOGAN and SEYMOUR, Circuit Judges.

On Petition For Rehearing En Banc

SETH, Chief Judge.

These are part of a series of eighty-six appeals from convictions for violating 42 U.S.C. §§ 2278a(a) and (b) and 10 C.F.R. §§ 860.3, 860.5(a), and 860.6.

Appellants in Trial Group E were arrested at the west access road to Rocky Flats. For the facts relevant to this location, *see United States v. Hueftle*, 687 F.2d 1305 (10th Cir.), filed this date. For a discussion of the post-arrest and pretrial procedures, *see United States v. Seward*, 687 F.2d 1270 (10th Cir.), filed this date.

At trial the members of this group stipulated to their identity. Thus fingerprinting problems did not arise. *See United States v. Seward, United States v. Peters*, 687 F.2d 1295 (10th Cir.), and *United States v. Ficarra*, 687 F.2d 1314 (10th Cir.), all filed this date.

The issues raised on appeal by these appellants are as follows:

1.  The trial judge erred in refusing to allow appellants to present to the jury the defense of "necessity" or "choice of evils."

2.  The convictions are invalid because the designation of boundaries in the Federal Register on April 13, 1979 fails to comply with the provisions of 5 U.S.C. §§ 551 et seq., 42 U.S.C. §§ 7191 et seq., and 10 C.F.R. §§ 860.1, et seq., as well as internal DOE standards published at 44 Fed. Reg. 1032 (January 3, 1979).

3.  Government ownership of a nonexclusive easement at the arrest site is an insufficient possessory interest in land to sustain a conviction for trespass upon "real property" in violation of 42 U.S.C. § 2278a and 10 C.F.R. § 860.3.

The first issue is controlled by our decision in *United States v. Seward*; the last two issues are governed by *United States v. Thompson*, 687 F.2d 1279 (10th Cir.), filed this date.

For the reasons set forth in those opinions, the judgments are affirmed.

For dissenting opinion of McKay, Circuit Judge, in which Logan and Seymour, Circuit Judges joined, see 687 F.2d 1279, at p. 1286.