UNITED STATES of America, Plaintiff-Appellee,

v.

Elise FICARRA, Janice Hassett, and Linda Searle, Defendants-Appellants.

Nos. 79–1786, 79–1787 and 79–1812 (Trial Group F).

United States Court of Appeals, Tenth Circuit.

June 17, 1982.

Rehearing Denied Aug. 11, 1982.

John S. Evangelisti of LaFond & Evangelisti, Denver, Colo. (Jonathan L. Olom, Denver, Colo., Tim Correll, Denver, Colo., and Cathlin Donnell of Kelly, Haglund, Garnsey, Kahn & Donnell, Denver, Colo., on the brief), for defendants-appellants.

Nancy E. Rice, Asst. U. S. Atty., D. Colo., Denver, Colo. (Joseph F. Dolan, U. S. Atty., Denver, Colo., with her on the brief), for plaintiff-appellee.

Before SETH, Chief Judge, and HOLLOWAY, McWILLIAMS, BARRETT, McKAY, LOGAN and SEYMOUR, Circuit Judges.

On Petition For Rehearing En Banc

SETH, Chief Judge.

These are part of a series of eighty-six appeals from convictions for violating 42

U.S.C. §§ 2278a(a) and .(b) and 10 C.F.R. §§ 860.3, 860.5(a), and 860.6.

Appellants in Trial Group F were arrested at the west access road to Rocky Flats. For the facts surrounding the arrests at this location, *see United States v. Hueftle,* 687 F.2d 1305 (10th Cir.), filed this date. For a discussion of the post-arrest and pretrial procedures, *see United States v. Seward,* 687 F.2d 1270 (10th Cir.), filed this date.

Appellants in this trial group tendered an additional offer of proof to the effect that the activity of Rocky Flats violates numerous state criminal laws, including health standards, reckless endangerment, assault, criminal mischief, littering, criminal simulation, possession of illegal weapons, and others. The offer also sought to show that testimony would indicate no legal alternatives were available. Further, appellants claim their rights to engage in free speech activity protected by the First Amendment were violated by selective enforcement of the trespass statute and by the withholding of authority to enter the buffer zone at Rocky Flats. This offer was denied during the course of the trial.

This group was tried by the Honorable John L. Kane, Jr., two days after the trial of Group C, our *United States v. Peters,* 687 F.2d 1295 (10th Cir.), filed this date. The trial judge stated that if any defendants refused or resisted being fingerprinted, he would sequester the defendants until such time as the fingerprints were provided. The defendants subsequently stipulated to identification, but objected to the manner in which it was obtained, *i.e.,* because of the court's order directing fingerprinting. Although this issue was not specifically raised on appeal, our decisions in *United States v. Seward* and *United States v. Peters,* filed this date, are controlling.

The issues raised on appeal by these appellants are as follows:

1. The trial judge erred in refusing to allow appellants to present to the jury the defense of "necessity" or "choice of evils."

2. The convictions are invalid because the designation of boundaries in the Federal Register on April 13, 1979 fails to comply with the provisions of 5 U.S.C. §§ 551 et seq., 42 U.S.C. §§ 7191 et seq., and 10 C.F.R. §§ 860.1, et seq., as well as internal DOE standards published at 44 Fed. Reg. 1032 (January 3, 1979).

3. Government ownership of a nonexclusive easement at the arrest site is an insufficient possessory interest in land to sustain a conviction for trespass upon "real property" in violation of 42 U.S.C. § 2278a and 10 C.F.R. § 860.3.

The first issue is controlled by our decision in *United States v. Seward*; the second and third issues are governed by our decision in *United States v. Thompson,* 687 F.2d 1279 (10th Cir.), filed this date.

For the reasons set forth in those opinions, the judgments are affirmed.

For dissenting opinion of McKay, Circuit Judge, in which Logan and Seymour, Circuit Judges joined, see 687 F.2d 1279, at p. 1286.